IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2011 JAN 18 P 3:56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:11-cv-45-WKW

| | |
|---|---|
| WALTER WINGARD, as the Administrator of the Estate of BEVERLYN WINGARD, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. CV-_____ ) |
| LÄNSFÖRSÄKRINGAR AB and LÄNSFÖRSÄKRINGAR ALLIANCE AB, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### Statement of the Parties

1. Plaintiff, Walter Wingard is a resident citizen of the State of Alabama and is over the age of nineteen years. Walter Wingard is the duly appointed Administrator or the Estate of Beverly Wingard, his deceased sister.

2. Defendant Länsförsäkringar AB is believed to be a foreign corporation organized and existing under the laws of Sweden. Said Defendant provided insurance for two corporations, Texo, Inc. and Texo AB, and provided a defense in litigation against the Texo corporations.

3. Defendant Länsförsäkringar Alliance AB is believed to be a corporation organized and existing under the laws of Sweden. Said Defendant provided insurance for two corporations, Texo, Inc. and Texo AB, and provided a defense in litigation against the Texo corporations.

4. Texo, Inc. and Texo AB have assigned their right of action against Defendants to Walter Wingard in accordance with §8-5-20, *Code of Alabama*, 1975.

## Statement of Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that complete diversity exists between the parties of this action and the matter in controversy exceeds the sum of $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2).

## Statement of the Facts

7. On January 28, 2008, Beverlyn Wingard was an employee of Albany International in Montgomery, Alabama. On that date she was operating a machine known as a warper as a part of her employment. The warper was not properly guarded and as a result Beverlyn Wingard's body was pulled into rotating parts of the machine causing her death.

8. Shortly before Ms. Wingard's death, Texo, Inc., and Texo AB, contacted Albany International and agreed to rebuild the warper at the Montgomery plant. Wingard alleged that the warper was modified by Texo AB and Texo, Inc. so that a nip point hazard that existed in the machine was increased and the risk of injury was increased. Wingard alleged that as a result of the modification, the operators were required to clean the machine while it was in operation, and, as a result, Beverly Wingard was killed.

9. At all times material Texo, Inc. and Texo AB were insured by Defendants Länsförsäkringar AB and Länsförsäkringar Alliance AB.

2

10. The policy of insurance covered the work of Texo AB and Texo, Inc. for accidents from equipment such as in this case including products liability and claims of negligence.

11. Plaintiff Walter Wingard filed an action against Texo, Inc. and Texo AB for their improper modification of the machine under *Code of Alabama* §6-5-410. On October 22, 2010, the case was tried in the Circuit Court for Montgomery County, Alabama. On November 8, 2010, the Court entered an order awarding $5,250,000.00 in damages as result of the conduct of Texo, Inc. and Texo AB (Exhibit "A").

12. The Defendants in this case, the insurers of Texo, Inc. and Texo AB, have refused to pay damages or provide coverage claiming that a punitive damage exclusion in the policy excuses Defendants from paying damages in this case.

### COUNT ONE

### Breach of Contract

13. Plaintiff incorporates all allegations contained in paragraphs 1 through 12 as if set out here in full.

14. Defendants Länsförsäkringar AB and Länsförsäkringar Alliance AB provided insurance coverage for claims made against Texo, Inc. and Texo AB.

15. Defendants Länsförsäkringar AB and Länsförsäkringar Alliance AB breached the contract of insurance with Texo, Inc. and Texo AB by failing to pay the damages awarded as a result of claims made against Texo, Inc. and Texo AB.

16. The claimed exclusion is not proper because the only damages awarded for wrongful death in the State of Alabama are considered punitive.

17. It is a violation of public policy to assert the punitive exclusion in this case.

18. Plaintiff claims all amounts under the insurance policy including the equivalent of $5,250,000.00 plus interest, costs and attorney's fees if applicable.

## COUNT TWO

### Negligent Failure to Settle

19. Plaintiff incorporates all of the allegations contained in paragraphs 1 through 18 as if set out here in full.

20. Defendants Länsförsäkringar AB and Länsförsäkringar Alliance AB were offered an opportunity to settle the underlying case against Texo, Inc,. and Texo AB for the applicable policy limits.

21. Said Defendants failed or refused to settle the case within the applicable policy limits, thus exposing Texo, Inc. and Texo AB to damages over and above the applicable policy limits.

22. As a proximate consequence of the wrongful conduct of the Defendants as set out herein, Plaintiff has been damaged.

WHEREFORE, Plaintiff claims damages to which they may be entitled under the applicable laws and for the costs of this action.

_____
J. GREG ALLEN (ALL021)
Attorney for Plaintiff

*/s/ Kendall C. Dunson*
KENDALL C. DUNSON (DUN029)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343
(334) 954-7555 (fax)
greg.allen@beasleyallen.com
kendall.dunson@beasleyallen.com